LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS    2179-0
Ocean View Center, PH-1
707 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593

Attorney for Plaintiff
KATHRYN ACORDA

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 07 2008

at 1 o'clock and 35 min A.p
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KATHRYN ACORDA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CRESCENT HEIGHTS<br>ACQUISITIONS, INC., CRESCENT<br>HEIGHTS OF AMERICA, INC.,<br>CH EMPLOYMENT SERVICES,<br>LLC,<br><br>　　　　　Defendants. | CIVIL NO. CV08 00315 JMS KSC<br>(Other Civil Action)<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS |

## COMPLAINT

COMES NOW Plaintiff KATHRYN ACORDA ("Plaintiff") by and through her attorney, DAVID F. SIMONS, hereby complains against the above-mentioned Defendants and allege and aver as follows:

I.  JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. to remedy sexual harassment and discrimination on the basis of sex in the terms, conditions and privileges of employment. Plaintiff also asserts various State common law claims.

2. Plaintiff ACORDA timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

3. On or about May 28, 2008, the EEOC issued Plaintiff ACORDA a Notice of Right to Sue.

4. Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). Jurisdiction for claims asserted herein, other than claims arising under Title VII, is proper under 28 U.S.C. § 1367(a).

5. The acts, omissions, and transactions alleged herein occurred entirely in the District of Hawaii. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## II. PARTIES

6. Plaintiff Kathryn Acorda ("Plaintiff") is a resident and citizen of the City and County of Honolulu, State of Hawaii, and was at all pertinent times hereto.

7. Defendant Crescent Heights Acquisitions, Inc., is a foreign profit corporation, registered to do business and is doing business in the City and County of Honolulu, State of Hawaii.

8. Defendant Crescent Heights of America, Inc. is a foreign profit corporation, registered to do business and is doing business in the City and County of Honolulu, State of Hawaii.

9. Defendant CH Employment Services, LLC is a foreign limited liability company, registered to do business and is doing business in the City and County of Honolulu, State of Hawaii.

10. Defendants Crescent Heights Acquisitions, Inc., Crescent Heights of America, Inc. and CH Employment Services, LLC are an integrated enterprise. These Defendants will be collectively referred to as Defendants CHOA.

11. At all times material herein, all employees or agents of Defendants CHOA were acting in the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct

alleged herein. Therefore, Defendants CHOA are directly liable for the conduct of its employees and/or agents, and they are also liable under the doctrines of strict liability, respondeat superior, vicarious liability, and/or agency.

## III. STATEMENT OF FACTS

12. Plaintiff was hired as the Marketing Coordinator for Defendant CHOA in September 2004. In August 2006 she was promoted to Marketing Manager.

13. During the course of Plaintiff's employment she was sexually harassed on a continuous basis by Rafael Baez, the District Manager.

14. The sexual harassment was verbal, visual, and physical in nature.

15. Within a few weeks of Plaintiff's employment Mr. Baez engaged in inappropriate conversations with her about his past sexual partners and his marriage.

16. Mr. Baez' wife, Pei Yu Baez, was the Processing Department Manager and worked in the same office.

17. Mr. Baez told Plaintiff that he loved her, and called her frequently and repeatedly on her home and cell phones.

4

18. Mr. Baez told Plaintiff that he wanted to discuss "us" and their "relationship". Mr. Baez would go into Plaintiff's office and just stare at her for no apparent reason.

19. Mr. Baez put his arm around Plaintiff's shoulders, back, and touched her legs when they were alone.

20. Mr. Baez became engaged in activities, such as running, biking, and triathlon training, because those were Plaintiff's interests. Plaintiff felt as though she was being stalked by Mr. Baez.

21. Mr. Baez' behavior was unwelcome and offensive to Plaintiff.

22. Plaintiff told Mr. Baez that she wanted his inappropriate behavior to stop and that she did not want a relationship with him.

23. Despite Plaintiff telling him to stop, his harassing behaviors continued.

24. In 2005 Mr. Baez was labeled a "H.R. Nightmare" by Dale Reed, a corporate trainer, who visited the Hawaii office from Miami.

25. Plaintiff learned that there had been previous complaints of sexual harassment against Mr. Baez, and the company did not take appropriate corrective action.

26. On or about March 15, 2007 Plaintiff made a formal complaint to Kathy Curtis, the corporate Director of Human Resources.

27. Ms. Curtis told Plaintiff that the company has had problems with Mr. Baez touching women before.

28. On or about March 21, 2007, Brian Duchman, National Marketing Director, came to Hawaii and met with Plaintiff.

29. Mr. Duchman asked Plaintiff why she took her complaints to Human Resources, and trivialized the seriousness of her complaint by telling her "it's not like you were raped."

30. Plaintiff was reluctant to come forward with a formal complaint against Mr. Baez because she knew that she would be subjected to the hostile attitude displayed by Mr. Duchman's insensitive comments.

31. Following Plaintiff's complaint Defendant brought in a couple of additional employees to handle project management and marketing projects. Some of these duties were already being handled by Plaintiff.

32. Following Plaintiff's complaints, she was offered additional duties in Japan. Plaintiff was originally excited about the opportunity to wok both in Hawaii and Japan but the hostile environment she suffered both because of sexual harassment and retaliation, made it impossible for her to continue to work for CHOA.

33. On April 30, 2007 Plaintiff was constructively discharged from her employment with Defendant CHOA.


34. The above-described acts, omissions and conduct altered the terms, conditions, and privileges of Plaintiff's employment, had the purpose and effect of unreasonable interfering with her work performance, and created an intimidating, hostile, abusive, and/or offensive working environment.

35. Plaintiff was sexually harassed and discriminated against based on her sex, female, by Rafael Baez, who was employed and controlled by Defendants CHOA.

36. Plaintiff was retaliated against by Defendants CHOA for opposing and reporting the harassment.

37. As a result of the sexual harassment and retaliation, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and compensatory and punitive damages, including but not limited to, all remedies provide under Title VII, H.R.S. § 378, and all costs and reasonable attorney's fees.

IV. **CLAIMS FOR RELIEF**

    First Cause of Action:    VIOLATION OF TITLE VII
                                               SEXUAL HARASSMENT
                                               AND RETALIATION

38. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

39. The above-described acts, omissions and conduct by Defendants CHOA altered the terms, conditions, and privileges of Plaintiff's employment, had the purpose and effect of unreasonable interfering with her work performance, created an intimidating, hostile, and/or offensive working environment, and constituted retaliation for opposing practices forbidden by Title VII.

40. Based on the acts and omissions described above, Defendants CHOA are in violation of Title VII.

41. As a result of the foregoing acts, omissions, and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, including but not limited to reasonable attorneys fees and costs, and all other remedies provided under Title VII.

Second Cause of Action: VIOLATION OF H.R.S. § 387-2
SEXUAL HARASSMENT

42. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

43. Hawai'i Revised Statutes (H.R.S.) §378-2 (Supp. 1992), provides in pertinent part:

> It shall be an unlawful discriminatory practice:
>
> (1) Because of...sex...:

> (A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment [.]

44. Defendants CHOA discriminated against Plaintiff because of her sex, female, in violation of H.R.S. §378-2.

45. Defendants CHOA failed to provide Plaintiff with employment conditions where she could safely work, free from sexual harassment.

46. Defendants CHOA failed to take prompt and effective remedial action to prevent or put an end to the harassment as described above.

47. As a result of the foregoing acts, omissions, and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, including but not limited to, all remedies provided in HRS § 368-17, and all costs and reasonable attorney's' fees.

Third Claim for Relief:     SEXUAL HARASSMENT

48. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

49. Plaintiff was illegally sexually harassed by employees of Defendants CHOA during the course of her employment with Defendants.

50. Plaintiff asserts this count pursuant to HRS § 378-3 (10) and

9

§ 386-5.

51.    As a result of the foregoing acts, omissions, and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and are entitled to all equitable and legal remedies and damages, including but not limited to, all remedies provided in HRS § 368-17, and all costs and reasonable attorney's fees.

52.    In performing all of the acts and omissions described above, Defendants, through their agents, employees, and/or representatives, acted intentionally, willfully, wantonly, oppressively, or with gross negligence, and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which raises a presumption of a conscious indifference to the consequences of their conduct.    Defendants are therefore liable to Plaintiff for punitive damages in amounts to be proven at trial.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and severally, as follows:

1.    For special damages in amounts to be proven at trial.

2.    For general damages in amounts to be proven at trial.

3.    For punitive damages in amounts to be proven at trial.

4. For further legal and equitable relief as provided under HRS Chapter 378.

5. For all such other relief as the Court deems reasonable and proper.

DATED: Honolulu, Hawaii, JUL 7 2008 .

_____
DAVID F. SIMONS

Attorney for Plaintiff
KATHRYN ACORDA